## CIRCUIT COURT OF NELSON COUNTY

Jacqueline Marie Whalen

v.

Judy Hill Nelson et al.

April 4, 2001

Case No. CL 98-69

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the various sanction and discovery motions made on behalf of Judy Hill Nelson, a defendant in the above case. These matters were argued to the Court on March 27.

Mr. Parker, on behalf of Ms. Nelson, seeks as his primary remedy a declaration by the Court that Jacqueline Marie Whalen is in default for her failure to answer interrogatories which were propounded to her in May to June 1998. Even though these interrogatories were more or less answered in July 1998, the interrogatories were not answered under oath as required by Rule 4:8(d) of the Rules of the Supreme Court of Virginia. Even though the unsworn written responses were tendered in July 1998, July Hill Nelson did not formally move the Court for sanctions and compulsion until January 2001. On March 23, 2001, Jacqueline Marie Whalen made oath to the answers to the interrogatories which were originally answered in July 1998. The answers to the interrogatories sworn to on March 23, 2001, appear to have revised and/or supplemented the answers to interrogatory 11, 17, and 21, originally answered in July 1998.

Rule 4:8(d) requires that the answers to the interrogatories, and any objections, be made within 21 days after service. If a party does not wish to answer an interrogatory, it is incumbent upon the party to seek a protective order under Rule 4:1(c). An objection under Rule 4:12(d) is not

sufficient. Jacqueline Marie Whalen did not seek a protective order. She merely stated objections to answering certain interrogatories.

Rule 4:12(d) establishes the procedure to be followed if a party fails to provide answers to interrogatories. Under Rule 4:12(d) the trial court may "make such orders in regard to the failure as are just," including any action authorized under 4:12(b)(2)(A) to (C). Rule 4:12(b)(2)(C) provides that the court may declare the party in default.

Under the circumstances of this case and the discovery issues, I do not think the sanctions authorized under Rule 4:12(b)(2)(A) to (C) are appropriate for this situation. Accordingly, I will proceed under Rule 4:12(d) and order the action I deem to be "just."

The interrogatories propounded by Judy Hill Nelson to Jacqueline Marie Whalen are difficult. These interrogatories clearly violate the limitation on the number of interrogatories set by Rule 4:8(g) of the Rules. Conservatively, the questions and subparts to any question are cumulatively more than sixty questions. This, of course, violates the thirty question limitation.

Additionally, the interrogatories are awkward and obscure. Many of the questions are in multiple parts, asking more than one question under the guise of a single question. Additionally, it is very burdensome to review the question (which may have multiple parts) and then refer back to the definitions (which in turn may have additional multiple parts) and properly answer the question. While it is not impossible to properly answer the questions and honor the requirements of the definitions, it is very burdensome and time consuming. Had a proper motion to grant a protective order been made by Mrs. Whalen at the time that this discovery was propounded, I would certainly have considered granting relief. However a protective order was not filed. Further, Rule 4:12(d) expressly states that the failure to make discovery is not excused by objections if a protective order has not been applied for pursuant to Rule 4:1(c). Accordingly, the objections that Ms. Whalen made to the number, form, content, style, and relevance of the interrogatories cannot be considered by the Court because no protective order was sought. Further, counsel for Ms. Nelson is correct that the failure to answer the interrogatories under oath constitutes a failure to make any written response to the interrogatories. Thus, the objections are a nullity without a motion for a protective order.

Nonetheless, Rule 4:12(d) allows the Court to take action which is just in this matter. In order for the Court to take action which is just, all of facts must be considered. Having considered these facts, many of which

are noted above, I find that the most just solution is to require the plaintiff to supplement and more fully respond to certain interrogatories. Accordingly, I will address the interrogatories in chronological order and direct the additional information that is required.

I am requiring Ms. Whalen to supplement Interrogatory # 2 with the residence address (if known) and the subject matter of the information of any person listed in response to Interrogatory # 2 who has not been deposed, or who has not been noticed for deposition. For those witnesses who have already been deposed, or for which notice of deposition has been given, the information should have been obtained in the deposition testimony and thus is not necessary to be answered in this interrogatory.

I require that Interrogatory # 3 be answered by setting forth the name and address (if known) of each person who is rendering a lay opinion and by stating what the lay opinion or opinions are of each person identified.

Additionally, I require that Ms. Whalen answer Interrogatory # 7 by stating whether or not she contends that the Virginia-Self Storage Act is not applicable. If she does contend that it is not applicable, she is required to state the reasons why she believes that it is not applicable.

I require that Ms. Whalen expand her answer to Interrogatory # 8. Unlike counsel for Ms. Nelson, I do believe that the answer to Interrogatory # 8 is responsive, but too cryptic. Accordingly, I am directing that Ms. Whalen re-answer this interrogatory and expand upon the information requested. I am certain, at this date, most of this information is already available from the depositions.

I rule that Ms. Whalen has made a responsive answer to Interrogatory # 9. Accordingly, no further response is required.

The response of Ms. Whalen to Interrogatory # 12 is not adequate. Accordingly, I direct that she answer in full Interrogatory # 12. While I am sure that there is certain information requested Interrogatory # 12 of which Ms. Whalen does not have any knowledge, she should specifically state this in her answer. I further note that this is an important interrogatory to answer because it requires identification of the property removed, the value of the property, and the identity of the person who has custody of the item.

I require that Ms. Whalen answer fully Interrogatory # 13. If she does not know the answer for some of the information requested, she should state this in her answer.

I do not require any further response to Interrogatory # 14. Ms. Whalen answered the question concerning documents, and the questions

concerning communications has certainly already been covered, or will be covered, in the multitude of depositions.

Ms. Whalen's response to Interrogatory # 15 is sufficient.

The answer to Interrogatory # 16 is not sufficient. Ms. Whalen is directed to fully answer this interrogatory.

Interrogatory # 18 has not been sufficiently answered. I require that Ms. Whalen state the details of any agreement wherein she permitted Judy Nelson to move the property that was converted into the storage unit. Further, I require that she identify all persons who may know about the agreement. I do not require that she disclose communications about the agreement from anyone other than herself. The requirement of "communications germane" to such agreement" is vague and burdensome. Also, it should have been covered in depositions.

I am not requiring that Ms. Whalen answer any further Interrogatory # 19. This is the type of information that should be secured by deposition rather than an interrogatory.

I require that Interrogatory # 21 be answered directly by Ms. Whalen. If there are documents that she relied upon, she should state this fact. If she did not rely upon any documents, she should also state this fact.

I am not requiring that Ms. Whalen further answer Interrogatory # 22 at this time. Once the requests for admissions are answered, I will consider requiring further response if that appears to be appropriate. The requests for admissions are addressed directly below.

I direct that Ms. Whalen specifically answer each of the 100 request for admissions.

The supplemental answers to the interrogatories that have been directed in this letter, and the answers to requests for admissions, must be served by May 7, 2001.

I direct that Ms. Whalen pay attorney's fees in the amount of $300.00 to Ms. Nelson for her failure to answer the discovery.